Honorable judges and government counsel, love knows no boundaries. It's not a matter of convenience. When Mr. Wang met his wife, fell in love and married, he was a citizen of China and she a citizen of the United States. Mr. Wang was in active pursuit of his asylum claim. He was found credible with regard to that claim. The couple was also found credible with regard to the I-130 alien relative petition which he filed for him. That means the U.S. government acknowledged and affirmed that the couple married for love, not for an immigration benefit. We are here because the immigration judge found that the country conditions in China for members of the Chinese Democracy Party were not sufficiently severe to support the objective prong of a well-founded fear. Subjectively yes, objectively no. Yet, time has moved on. A judge's decision on country conditions is a snapshot in time. Country conditions do change. We are also here because there is no jurisdiction for Mr. Wang to file an I-485 application to adjust status to permanent resident, green card. Why is that? Why did they tell them when they approved the, I guess it's the 130, and they told them what they, what he didn't get as a result of it. They told him he couldn't file an application for a change of status at that point. Why was that? Technically, you can file it by sending the I-485 with the fee, which is now upwards of $1,200, to USCIS, but will be rejected because there's no forum for that. There's no jurisdiction. USCIS doesn't have jurisdiction because he's in removal proceedings. The court doesn't because the order had already issued that he wasn't eligible for asylum, and they married well after the asylum claim was denied on the objective prong of well-founded fear. So when you moved to reopen, what did you want to reopen? Wanted to reopen two things. One is the asylum claim, but at that time also reopened so that Mr. Wang and his wife could, Mr. Wang specifically could pursue adjustment of status. And I feel... But I just, that's what I want to understand. To pursue an adjustment of status, he could have done it up until that point. There was no jurisdiction for anyone to adjudicate that filing. You could pay the fee, but it wouldn't go anywhere. It would never be adjudicated. There's no authority for any USCIS, DHS, BIA. So help me to confused. So you wanted to reopen so he could file an application for an adjustment of status, and then you say there was no place for him to file and it was not possible for him to do that. And so there seems to be a conflict. I just want to understand. Sure. If the board were to reopen, then it would go back down to the immigration court in the normal process for the judge to But he, but he was subject to a final order of deportation. Isn't that the problem? Yes. And so therefore, he, unless he opened the removal proceedings, there was nothing else he could do. That's correct. In fact, at the time that I filed the motion to reopen, he had just a few weeks left under a motion that I filed in which the BIA's decision said I should do and I'd already done, which was a motion to stay removal with the Enforcement and Removal Office of DHS. So we were under the gun and we're most grateful to the Ninth Circuit for its decision in Singh v. Holder because that's why we're here. It was one of the reasons we're here. It was the second time in six years that this court held that the board does have authority to reopen proceedings of an alien who is under a final order of removal like Mr Wong in order to afford the alien an opportunity to pursue an adjustment of status. Um, the couple now have two Children, ages four and two, who are also U. S. Citizens. Mr Wong's wife was diabetes with the first child, and this has ultimately spiraled into an insulin dependency as a type one diabetic. Yeah, but you can't reopen just on the basis of marriage and citizen Children. Isn't that correct? The board does have the authority to reopen at any time for adjustment, but but also I filed that motion to reopen 12 days after the Singh case issued, and I argued that the cited marry a matter of Yari the old law to support his decision that the motion to reopen was untimely. So unfortunately, despite the continued pressure, continued admonishment of this court to the board to reopen cases, that's a statutory language. The board can reopen cases at any time to allow adjustment of status, and that's the beauty of the immigration system as it was designed to integrate these processes. But unfortunately, the board just refuses to do so well. But I thought you're arguing changed conditions and that therefore they should have are. They should have reopened on that basis. Yes, that is part of the argument as well. But the facts stand that I filed that motion to reopen 12 days after saying was was issued by this court. So arguably, that is a change in law. You could also look at it as a not as a change in law, but just as a reinforcement of the law that was there. And that's why it's further frustrating that the board would deny saying matter of Yari says we can't and talk about timeliness when they have every authority to do so to provide for family unity. I guess I'm not sure I read the B. I. A. S. Order the same way you do. The last paragraph says we declined to exercise our sui sponte authority, right? So that seems to suggest they had an awareness that they had the authority to exercise and they declined to do so in their discretion. That that's a matter over which we lacked jurisdiction. Well, they didn't explain and they need to do that. What? Because they they did explain. They said we find no exceptional situation warranting the exercise of such authority. And they cited a case in which the J. J. Matter of J. J. Case right in which I can't remember exactly what the circumstances were there, but I think it was one in which they said in order to justify the exercise of this discretionary authority, you have to have some exceptional circumstances. They said here there were none. Yes. Well, I would argue as otherwise that there was and and that the board's attitude. All I'm saying, though, we don't have jurisdiction to review. That's that's the B. I. A. S. Call. Well, it was a fact a change in the law in the sense that the court did remind the B. I. A. That they do have the authority and they also suggested that this was untimely and that they weren't going to use their discretion. But they didn't explain how this doesn't meet the idea of family unity in their statutory authority. They're just acting as a rubber stamp authority. And the fact that they cite matter of of Yari shows sort of an attitude of this board to not really review the arguments before it and the compelling circumstances. I do have a son with type one diabetes. I know firsthand the nature of the 24 7 condition and it's dangerous for them for people with type one to live alone or without support. So why is the board not using its authority to for family unity? That is a goal under the law of Immigration and Nationality Act. So I I feel like we should. Oh, excuse me. I'm running out of time. Can I ask you one question? Of course. One of the issues was whether you you filed an application for relief with a motion for it to reopen. Did you file the the form for adjustment of status with your papers? Oh, on that on that point? Yeah, I did file a motion to reopen a joint motion to open with DHS. And did you file? Did you file your application for for a stay of deportation and removal with with them? I did file a state of deportation that was ending in December of 2014. And that's why I quickly filed the motion to reopen based under Singh. But you know, I recognize that this was a technical error. What I'm concerned about is that country conditions in China have changed. And this court could take judicial notice of those significant changes or could order the return to the BIA with the contingent upon a filing of such an I-589 or I-485. A technical flaw can be cured. The dangers to Mr. Wong, should he be Do we send people back to China? Or does China take people who we attempt to deport? Yes, they do. They do take them. And as we know, the, if you would, that you could take judicial notice of the fact that the wife of the Chinese Democracy Party leader was was recently arrested, that the Chinese Democracy Party has basically dead now. There's no democracy such as it is in China as is, as it's, there is no democracy. And so I know that there needs to be some sort of efficiency of the courts. But when you have, it takes years for things to wind through the courts, country conditions in those countries do change. And I would hate for a technical flaw on my part, to in my haste to try to put something before the board before the temporary stay of removal came about a December of 2014, to be the reason that Mr. Wong is sent back to China. And tell me again what the technical mistake is that you made. The board wanted me to have filed an I-485, I-589 application for asylum form. I did file the supplemental materials showing the changes in conditions, but I did not attach that form. Which form? I-589 application for asylum. But the actual contents of that form are already before the government, before DHS, is simply updating the biography, which they're aware of their, his wife and children, their dates of birth. It's mostly biographical information and the same claim as before. But you wanted to, I just want to, these things, these cases are important and I just, but you wanted to, you wanted to reopen removal on two grounds. Yes, that is the argument regarding asylum and the fact that you, you were filing a form for a stay, for a, for, for adjustment of status. That's correct. But there is no jurisdiction to file the I-485 form. Okay. You've exceeded your time, but we'll give you a minute for rebuttal. Oh, thank you very much. I'm sorry. Good questions. Let's hear from the government. May it please the Court, Brianne Cohen on behalf of the United States Attorney General. The Board properly exercises discretion in this case to deny Mr. Wong's motion as both untimely and in the exercise of its broad discretion. Ultimately, Mr. Wong is subject to proving that his untimely motion meets an exception to the timely filing requirements or that he presented exceptional circumstances warranting the exercise of a sua sponte authority. And unfortunately, Mr. Wong was unable to show either before the Board. Well, I guess I don't understand. Let's start with the, the changed country conditions because the Board just dinged the petitioner here on a, what seems like an incredibly fine point of a procedure, right? Not, not on the substance at all. And I gather that once you take your one shot at filing a motion to reopen and it doesn't get to come back and, uh, and fix whatever problem the BIA pointed out. Is that, is that the right understanding? So the Board denied, to the extent that the motion was seeking to apply for asylum and related relief, the Board denied it because of the failure to file the I-589 application for asylum. And that is required by the... I had that all along. Well, that was, that was part of the, part of what you already, you already had. Yes, we have the initial application, but nothing in the regulation that requires, uh, attaching an application to a motion to reopen is limited to only the first application or, or excuse me, exempts a second application. Um, I would, the cases that have talked about sort of procedural errors and the Board's discretion to fix those have been applied in cases that are much more procedural in nature. For But the asylum application is much more substantive because when you are claiming a change in country conditions, it is incumbent upon you, the applicant, to show what your claim is, whether or not it is the same claim or whether the claim has changed, whether or not your activities have changed such that it would put you in a different position because the agency has to be able to look at the claim as it stands today as compared to the claim that was originally adjudicated. The application that the agency says he didn't file, is that the application for asylum based on changed country conditions? Is that what you're saying? And that he didn't file an application that showed changed country conditions? That is correct. He didn't file, um, the asylum application, which you would be required to file even in the event of a reapplication. Um, nor did he file an asylum application that he had filed previously. Yes. A fully adjudicated application that had been denied. Um, and so the regulation, he was moving to reopen. That's right. But even in the case where it's a reapplication for asylum, the applicant is required to file a new asylum application because the circumstances could have changed. The claim could have changed. And I would, in this case, really all we have in terms of what the asylum claim even is, is the statements in the motion. And an attorney's statements in a motion are not considered evidence. We don't even have here an affidavit from Mr. Wong indicating that his claim is the same claim as the original claim. And so the agency in applying the regulation, which requires that the asylum application accompany the motion, was following the clear dictate of the regulation, which does not need to be filed with the motion to reopen. And to hold otherwise, where this is more of a substantive claim than a procedural claim, would gut the purpose of the regulation, which states very clearly that the motion shall be supported by affidavits and must be accompanied by the appropriate application for relief and supporting documentation. Can I ask you to clarify, because I don't remember now, along with the the motion to reopen on this kind of new evidence of changed country conditions? There was some new evidence. There were, I believe, three or four news articles that talked about sort of heightening of a crackdown on democratic movement in China. So if you use your imagination, perhaps the agency could have strung these together. But we really need the applicant's statements. Well, that's what I don't understand. I guess I can't, for the life of me, think of a justification for denying someone their one opportunity to reopen because they didn't also file a revised asylum application. That seems to me to make no sense. So first, I would just note that if there are exceptions to both the temporal and numerical limitations, so if he can show that there is a reason why that application was not submitted, that could possibly justify it. Or if since the time of that first filing, if as of today, situation has changed, he can still file a motion to reopen based on an exception, which allows asylum applicants to apply if situations have changed. So he could just file the exact same motion to reopen, but this time provide the updated asylum application? He would have to meet an exception. Of course, the board would still have the authority to deny it in the matter of discretion. But the agency needed more here than simply news articles. The underlying basis for the denial of asylum was that Mr. Wang would not have come to the attention of the Chinese authorities. Nothing in those news articles really explain how he would succeed on the new claim. And while the agency did not get into that, and so this Court cannot rely on that as a reason, it shows, I think, or it exemplifies why the agency needs more before it has to. We're arguing the merits, essentially. And that that's not how the agency dealt with it. Right. And I'm not asking the Court to consider it. I'm using it to explain why it is critical that an asylum applicant explains the contours of their claim. Because without showing, I'm sorry, without showing that, it's difficult for the agency to make a reasoned decision. And here, all we have are news articles without any tether to Mr. Wang individually. What about the application to file an adjustment of status? Could the board have reopened on that ground? The board always can reopen because it always has sua sponte authority. And generally, what can also happen is, as I believe opposing counsel attempted, you can file a joint motion with the agency, which would exempt a motion from the temporal and numerical limitations on motions to reopen. Unfortunately, the agency declined to do so here based on a number of factors. And in this case, the agency examined its sua sponte authority and declined to do so. But I'm sorry, the just simply filing a motion to adjust status does not constitute an exception for the temporal limitation. So because this motion was untimely, the application or an attempt to adjust alone would be insufficient to require the board to reopen. And I would also note that I think that the fact that we have the board's statement here that they declined to exercise their sua sponte authority distinguishes this case from Singh and from Matter of Yoweri and other cases where the board acted under a misapprehension of law as to its sua sponte authority. And because the agency decision does not contain any constitutional or legal error, this court does not have jurisdiction to review that sua sponte discretion. What are the exceptional circumstances that the BIA typically demands somebody show? Because it's the, as you heard your opponent in the opening argument, I mean it seems like a pretty compelling case to reopen, right? The person has been married, has US citizen children. I don't understand the basis for just saying nope, sorry, we're not going to allow it. Well, it is always a case-by-case basis. And in this case, we do have some extra assurances that the exercise of here, especially given that we had put this case in mediation for quite a while to try to allow Mr. Wong to get a grant of prosecutor discretion from the agency which they declined. And so oftentimes there are indicators outside of the record that would cause an agency to decline to exercise sua sponte negative factors. And so they're always balancing positive and negative factors. In this case, certainly there are some equities. His marriage to a US citizen, his US citizen children, but it's insufficient to overcome some of the negative factors and also negative factors. Well, none of them are on the record. Um, and so I don't want to, um, go into that. I don't think that it's properly before the court, but at the time of that, the prosecutorial discretion was denied. That was based on the agency's, um, conclusion about a negative factor. When you say that there was an attempt to mediate, was that after the case was in our court or this was during while it was in this court? It was a mediation for, I think it's about five or six months. And then it came or we held it in abeyance. Excuse me. Okay. All right. But, um, so that process, that fizzled out. Um, and so that's when we filed our motion and when we continued briefing. I see. Um, can you address if you happen to know, um, is, does our government now have agreements with China to remove the petition? It has happened in individual cases. It is difficult, and I'm not aware of the government having a travel document for Mr Wong at this time. Okay, thank you. Any other questions? We ask that you tonight petition. Thank you. Thank you. All right, let's give counsel for petitioner a minute for a rebuttal. Um, I the government claims that they didn't have enough information for an I 5 89 asylum application. It's a nine page for four. First four pages are biographic, and the rest of them are just asking questions like, Did you file within one year? It's basically the same claim. Uh, this updated country conditions were all submitted. I want to go back to the issue of the board and their sua sponte authority. The reason I found the motion to reopen back in November of 2014 had specifically due to do with saying the holder in which this court indicated that it was the second time in six years that the ninth skirt has found that the board is simply denying the reopening of cases when by not exercising their own authority and hiding behind the idea that things are in this case, citing overturned case law. So you get the impression that the board isn't really looking even really looking substantively at these claims. Um, and well, that may be, but we our law is pretty strict that we can't order them. Sua sponte reopen. Well, on the same case, I think it does. I think it says, Look, you should reopen to allow people to adjust status. I think that's very clearly stated and not to hide behind untimeliness or other matters, but rather to move forward and allow for family unity. I mean, Mr Wong, if he's afforded the opportunity to file for adjustment of status, he has to be reviewed by an immigration judge like any other applicant. He's just asking for that opportunity for that jurisdiction. He's knocking on doors and none of them are available to him. Thank you, Counsel. Appreciate the argument. The case just argued is submitted.
judges: Schroeder, Watford, Korman